**NEOSHO R–V SCHOOL DISTRICT,**
Plaintiff–Respondent–Appellant,

v.

**Jesse McGEE b/n/f Phil McGee and Marilyn McGee, Defendant– Appellant–Respondent.**

Nos. 21929, 21952.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 16, 1998.

Teri B. Goldman, Martha Neville Hereford, Peper, Martin, Jensen, Maichel and Hetlage, St. Louis, for Neosho School Dist.

Jason N. Shaffer, Hulston, Jones, Gammon & Marsh, Springfield, for Jesse McGee.

JOHN E. PARRISH, Judge.

In No. 21929 Jesse McGee, a minor "by and through his next friends Phil McGee and Marilyn McGee,"[1] appeals a judgment in an action brought by Neosho R-V School District (the district) that sought enforcement of a "settement agreement" the district contended was reached with respect to a claim that it violated Jesse McGee's right under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq., (the IDEA), and § 162.961, RSMo Supp. 1996, to a free appropriate public education. The trial court found "the existence of a valid and binding settlement agreement" and entered judgment ordering that the "Motion to Enforce Settlement Agreement is sustained."

Judgment was entered July 2, 1997. Motion for a new trial was filed on behalf of Jesse McGee July 7, 1997. On August 15, 1997, the district filed a motion for attorney's fees. The trial court heard the motions October 9, 1997. It denied the motion for new trial and the motion for attorney's fees.

The district appeals the trial court's denial of its motion for attorney's fees. That appeal is No. 21952. Numbers 21929 and 21952 were consolidated. Rule 84.04(j) provides that when a cross-appeal is filed, the plaintiff in the trial court is deemed appellant; hence, for purposes of identification, the district is appellant and Jesse McGee is respondent.

Respondent contends, inter alia, that the trial court was without jurisdiction to enter judgment; that the issues for determination were administrative matters for determination as provided by § 162.962, RSMo 1994. This court agrees. The judgment of the circuit court is vacated. The case is remanded with directions.

Jesse McGee is one of the district's students. Jesse has a disability as defined by the IDEA. Missouri is required to meet certain eligibility requirements in order to obtain federal grants to assist in educating disabled students. These requirements are discussed in *Mallory v. Drake*, 616 S.W.2d 124 (Mo.App.1981).

> The first of those requirements is that the state must have in effect a policy that assures all handicapped children the right to a "free appropriate public education." This educational requirement has been met in Missouri by Section 162.670 [RSMo 1978[2]], which declares it to be the policy of this state to provide to all handicapped children "special educational services sufficient to meet the needs and maximize the capabilities of handicapped and severely handicapped children."

*Id.* at 125.

> Parents are provided procedural safeguards to assure compliance with this policy. These safeguards "include the right to make protest and participate in conferences at the local school level, 20 U.S.C. Sec. 1415(b) and RSMo Sections 162.945 and 162.950; the right to a hearing at the state level, 20 U.S.C. Sec. 1415(c) and RSMo 162.961; and the right to court review, 20 U.S.C. Sec. 1415(e) and RSMo 162.962."[3] *Id.* at 126.

Jesse's parents pursued their right to review the district's actions. *See* § 162.670.[4] They requested a due process hearing concerning Jesse's right to a free appropriate public education as permitted by § 162.961.3. The due process hearing was scheduled for January 20, 1997. On that day representatives of the district met with Jesse's parents and their attorney before the start of the hearing. When the due process hearing panel (the panel) convened, its chair announced, "[A]pparently what both parties have accomplished today is that as a result of some of the discussions at the prehearing the parties agreed to recess the prehearing to discuss potential and formal resolutions to the issues

---

1. *See* n. 5, *infra.*

2. The 1994 revision of § 162.670 is unchanged from the 1978 revision.

3. References to Missouri statutes in the quoted material are to RSMo 1978. Although there are minor differences in the texts of §§ 162.961 and

.962 in the 1994 revision, the changes do not affect the issues in this appeal.

4. References to statutes other than § 162.961 are to RSMo 1994 unless stated otherwise. References to § 162.961 are to RSMo Supp.1996.

..., and it is my understanding that both parties have made some considerable progress toward an informal resolution." The panel was told that "an agreement in principal" had been reached; that it would be executed by both parties and, "if it is finalized, will be confidential."

The district's attorney told the panel the parties had "agreed to temporarily postpone the hearing until we can determine if the settlement agreement will be finalized." She said she would call the members of the panel and advise them of the status of the matter "just to let everybody know what's going on." The attorney suggested that if it became necessary for the panel to reconvene, the matter could be rescheduled at a time acceptable to all those involved. The parents' attorney agreed. On that basis, the panel took no action.

■ On June 2, 1997, the district, as plaintiff, filed a petition in the Circuit Court of Newton County, Missouri, naming "JESSE McGEE, by and through his parents and next friends, PHIL AND MARILYN McGEE" as "defendants."[5] The petition attached a copy of an agreement that was signed on behalf of the district. It was not signed by Jesse McGee's parents. The petition's allegations included, as paragraph 14, "Pursuant to RSMo § 162.691, the three-member panel has scheduled the reconvened hearing for July 8–11, 1997. The Defendants plan to raise the same issues both parties agreed to resolve in the January 21, 1997 Settlement Agreement."

The relief sought by the petition was "(1) to enforce the January 21, 1997 Settlement Agreement; (2) to order Defendants to comply with the terms of the January 21, 1997 Settlement Agreement by executing the same; and (3) to order Defendants to reimburse the District for its reasonable attorney's fees and costs in bringing this suit." The district, by a separate pleading, requested the circuit court "to issue a Preliminary Injunction enjoining Defendants, their attorney, and the Panel[6] from convening and holding the July 8, 1997 due process hearing."

The answer to the petition stated, in response to paragraph 14, "Defendants agree that the three member due process hearing panel is scheduled to reconvene the Hearing for July 8–11, 1997, however, Defendants deny that there exist [sic] any January 21, 1997 settlement agreement."

■ Following a hearing the trial court purported to enter judgment denying the motion for preliminary injunction, granting the Motion to Enforce Settlement Agreement and ordering the parties "to comply with the terms of the Settlement Agreement." The result of that action was determination by the trial court of the claim that the district violated Jesse McGee's right to a free public education. This occurred without a review of the district's actions by a due process review panel as provided by § 162.961.3, although such a review was requested by Jesse's parents.

The review process for questions concerning a school district's compliance with the policy requirements of § 162.670 are prescribed by §§ 162.945—.963. Section 162.961.3 gives parents the right to a review by a due process review panel. Section

---

5. Rule 52.02(e) states, "After the commencement of a civil action against a minor defendant, and the service of process upon him, the civil action shall not be prosecuted any further until a guardian or guardian ad litem for such minor defendant be appointed, except for discovery proceedings as may be necessary to determine whether a defendant is a minor or has a duly appointed guardian." Although the parties do not raise the issue on appeal, the record reflects no action taken concerning identifying a guardian of Jesse McGee or appointing a guardian ad litem for him. A next friend may be appointed to prosecute a civil action by a minor. *See* Rule 52.02(a)—(d). The civil action undertaken in the circuit court was not a civil action brought by Jesse McGee.

Notwithstanding the apparent failure to appoint a guardian ad litem, the record reveals Jesse's interests were adequately protected. The proceedings are not invalidated for lack of a guardian ad litem. *See Rule 52.02(m).* See also Strahler v. St. Luke's Hosp., *706 S.W.2d 7, 9–10 n. 4 (Mo. banc 1986);* Concerned Parents v. Caruthersville School Dist. 18, *548 S.W.2d 554, 558 (Mo. banc 1977).*

6. Neither "the panel" nor its members are listed as parties to the circuit court proceeding.

162.962 states how an aggrieved party may appeal a panel's determination:

> In a case where review of the hearing panel's decision is sought by a school district or a parent or guardian, either party may appeal as provided in chapter 536, RSMo.

Section 536.100 permits appeals by those who have exhausted all administrative remedies provided by law and who are aggrieved by a final decision in a contested case. That review is provided in accordance with §§ 536.100 to 536.140.

■ In this case the district did not exhaust all administrative remedies. It did not secure a determination by the panel as prescribed by § 162.961.3. Judicial review of an administrative decision is undertaken on the record of the proceeding that was before the administrative agency. § 536.140.1.[7] "[J]udicial review on the record is inappropriate unless a full, written opinion, including findings of fact and conclusions of law, explains the basis for the agency's acts." *Weber v. Firemen's Retirement System*, 872 S.W.2d 477, 480 (Mo. banc 1994). *See also Conlon Group, Inc. v. City of St. Louis*, 944 S.W.2d 954, 959 (Mo.App.1997).

■ The fact that the district attempted to structure the action in the trial court as an action for injunctive relief for enforcement of an alleged agreement between the parties does not alter the result of this appeal. The trial court's authority with respect to deciding the subject matter of the alleged agreement was limited by § 162.962 to a review pursuant to chapter 536.

> "[A] court of general jurisdiction, when engaged in the exercise of a special statutory power, is confined strictly to the authority given by the statute, and a court of general jurisdiction, when exercising a special statutory power, is a court of limited jurisdiction." *State ex rel. Kansas City v. Public Service Comm'n*, 362 Mo. 786, 244 S.W.2d 110, 115 (1951). "When a court of general jurisdiction is engaged in an exercise of a special statutory power, that court's jurisdiction is limited by that statu-

tory power." *Richard v. Director of Revenue*, 869 S.W.2d 913, 914 (Mo.App.1994). *Thornton v. Empire Bank*, 955 S.W.2d 249, 250 (Mo.App.1997).

■ Respondent's claim in No. 21929 that the trial court lacked jurisdiction to determine the issue presented by the district's action is well-taken. The trial court's jurisdiction over the issue concerning whether the district provided Jesse McGee with the free appropriate public education to which he is entitled was limited to administrative review in accordance with the statutory power granted by chapter 536. It did not have authority to grant injunctive relief with respect to that issue. An order by a court without authority to act is void. *In re Marriage of McMillin*, 908 S.W.2d 860, 862 (Mo. App.1995). The district's appeal of the denial of attorney's fees in No. 21952 is moot.

The judgment is vacated. The case is remanded with directions to dismiss the petition filed therein in accordance with this opinion.

PREWITT, P.J., and CROW, J., concur.

---

**7.** The exception in § 536.140.4 is not applicable    in this case.