Terry G. CROCKER, Appellant,

v.

James D. CROCKER, et al., Respondents.

No. WD 69205.

Missouri Court of Appeals,
Western District.

Sept. 9, 2008.

Thomas Michael Schneider, Columbia, MO, for appellant.

Andrew Collin Kopp, Columbia, MO, for respondents.

Before JOSEPH M. ELLIS, P.J., RONALD R. HOLLIGER and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Terry Crocker appeals the order of the Boone County Circuit Court granting the Motion to Dismiss filed by James Crocker and Brian Crocker. Mr. Crocker contends the trial court erred by granting the motion to dismiss his petition due to lack of standing. The judgment is reversed and remanded.

### Facts

Appellant Terry Crocker and Respondents James Crocker and Brian Crocker are brothers and the only children of Donald and Elizabeth Crocker. Donald Crocker died in 1986 and was survived by Elizabeth Crocker (Mother) as well as their three sons. On July 30, 1998, Mother executed and recorded a beneficiary deed ("1998 Beneficiary Deed") leaving each of her three sons a one-third interest in her 77–acre farm. On March 7, 2001, she executed and recorded a second beneficiary deed ("2001 Beneficiary Deed") naming James Crocker and Brian Crocker as the sole beneficiaries and excluding Terry Crocker.[1] This deed contained language revoking the 1998 Beneficiary Deed. On that same day, Mother executed a will, leaving her entire estate to James and Brian Crocker, except for a $500 bequest to Mr. Crocker and a bequest to each of Mr. Crocker's two sons. On May 18, 2005, Mother executed a second will removing the bequests to Mr. Crocker's sons, leaving the $500 bequest to Mr. Crocker, and leaving the remainder of her estate to James and Brian Crocker. Mother died on June 16, 2006.

Mr. Crocker filed a First Amended Petition alleging in Count I that the 2001 Beneficiary Deed was procured through undue influence, duress, misrepresentations, and delusions. Count II contested Mother's 2001 and 2005 wills, alleging the wills were also procured through undue influence, duress, misrepresentations, and delusions.

James and Brian Crocker filed a Motion for Summary Judgment, and in his re-

---

1. For the sake of clarity, James Crocker and Brian Crocker, the respondents, will be referred to as James and Brian Crocker. Terry Crocker, the plaintiff in the underlying action and appellant on appeal, will be referred to as Mr. Crocker.

sponse, Mr. Crocker abandoned the grounds of duress and delusions and only argued the grounds of undue influence and/or misrepresentation. Mr. Crocker alleged that there was sufficient evidence in the record displaying undue influence upon Mother and that he was prepared to present witness testimony as to such influence. James and Brian Crocker's Motion for Summary Judgment was denied. Thereafter, Mr. Crocker filed a voluntary dismissal of Count II, the will contest action.

James and Brian Crocker then filed a Motion to Dismiss for Failure to State a Claim, alleging that Mr. Crocker lacked standing to challenge the 2001 Beneficiary Deed. In their Motion, James and Brian Crocker asserted that Mr. Crocker lacked standing to challenge the 2001 Beneficiary Deed, which gave Mr. Crocker no interest in the land, because, as a subsequent beneficiary deed, it revoked the prior 1998 Beneficiary Deed. Further, they argued that even if the 2001 Beneficiary Deed were set aside, the property contained in the deed would revert into Mother's probate estate, in which Mr. Crocker had only a nominal interest, thus giving them all but $500 of Mother's estate. They further alleged that the 1998 Beneficiary Deed was invalid in that the deed contained some surplus acreage in the legal description that Mother did not own at the time the deed was executed.

The trial court granted James and Brian Crocker's Motion to Dismiss without explicitly stating the basis on which it granted the motion. This appeal followed.

## Standard of Review

■ We review *de novo* a trial court's grant of a motion to dismiss. *Weems v. Montgomery*, 126 S.W.3d 479, 484 (Mo. App. W.D.2004). On appellate review of a trial court's dismissal of a petition, all facts alleged in the petition are treated as true, and the petition is "construed favorably to

the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief." *Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 351 (Mo. banc 1995). If the trial court fails to state a basis for its dismissal of the petition, the appellate court "presumes the dismissal was based on the grounds stated in the motion to dismiss." *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 391 (Mo. banc 2001). Rather than reviewing the merits of the case, the appellate court determines whether the movant's pleadings "were sufficient to withstand a motion to dismiss." *Id.* In addition, statutory construction is a matter of law to which appellate courts apply their independent judgment. *City of St. Joseph v. Vill. of Country Club*, 163 S.W.3d 905, 907 (Mo. banc 2005).

## Point I

■ In his first point on appeal, Mr. Crocker contends the trial court erred in dismissing his petition on the basis that the 2001 Beneficiary Deed revoked the 1998 Beneficiary Deed, thereby depriving Mr. Crocker of standing to bring his claim. He maintains that the void 2001 Beneficiary Deed is a nullity and thus could not revoke the valid 1998 Beneficiary Deed. He notes that he does have standing under the 1998 Beneficiary Deed. Because we must treat all facts alleged in Mr. Crocker's petition to be true, *Farm Bureau Town & Country Ins. Co. of Mo.*, 909 S.W.2d at 351, this court presumes that the 2001 Beneficiary Deed was procured by undue influence and/or misrepresentation and is therefore void under Section 461.054.1, which states that a beneficiary designation is void if procured by fraud, duress, or undue influence.

When a legal instrument is void, it has no legal effect. BLACK'S LAW DICTIONARY 1604 (8th ed. 2004). In short, it is a

nullity. *Id.* The 2001 Beneficiary Deed, if void, could not have revoked the 1998 Beneficiary Deed, because it is a void instrument without any effect whatsoever. While a valid subsequent beneficiary deed would revoke a valid prior beneficiary deed, an invalid subsequent deed has no power of revocation.

James and Brian Crocker contend that Mr. Crocker is attempting to apply the doctrine of revival to nonprobate matters. However, an attempt to construe Mr. Crocker's claims as a revival of the 1998 Beneficiary Deed is incorrect. Revival, in probate matters, reestablishes the validity of a revoked prior will, either by revoking the subsequent will or in some other way manifesting a testator's intent to be bound by the earlier will. BLACK'S LAW DICTIONARY 1346 (8th ed. 2004). Revival does not apply *sub judice.* The 2001 Beneficiary Deed, as a void legal instrument, has no power to revoke the 1998 Beneficiary Deed. Thus, the 1998 Beneficiary Deed is still a valid instrument, no reestablishment is necessary, and revival is inapplicable. While Section 461.033.2 does state that a subsequent beneficiary designation revokes a prior beneficiary designation, it is not to be read that a *void* subsequent beneficiary designation will revoke a *valid* prior beneficiary designation. This would produce an illogical result.

Thus, if the 2001 Beneficiary Deed were procured by undue influence and therefore void, it could not revoke the 1998 Beneficiary Deed. As a beneficiary under the 1998 Beneficiary Deed, Mr. Crocker would have standing to bring a claim. We conclude that the petition should not have been dismissed for lack of standing on this ground. Accordingly, Mr. Crocker's first point is granted.

## Point II

On his second point on appeal, Mr. Crocker contends the trial court erred in dismissing his petition on the ground that he lacked standing in that if the 2001 Beneficiary Deed were found void, the property described therein would bypass the 1998 Beneficiary Deed and become part of Mother's probate estate, in which Mr. Crocker has only a $500 interest.

The language of Section 461.054.1 states: "A beneficiary designation or a revocation of a beneficiary designation that is procured by fraud, duress or undue influence is void." Mr. Crocker argues that the 2001 Beneficiary Deed is void, and as such, has no legal effect. Accordingly, the 1998 Beneficiary Deed would be the applicable legal instrument. In determining legislative intent, the court looks at the "plain and ordinary meaning of the statute's language." *Groh v. Ballard,* 965 S.W.2d 872, 873 (Mo.App. W.D.1998). Section 461.054.1 clearly states that a beneficiary deed procured by fraud, duress, or undue influence has no effect whatsoever. If Mr. Crocker's pleadings are true, the 2001 Beneficiary Deed is a void legal instrument. As such, it does not have the power to revoke, and the property described therein remains under the control of the 1998 Beneficiary Deed.

James and Brian Crocker rely on the Committee Comment to Section 461.054 in arguing that even if the 2001 Beneficiary Deed were void, the property contained therein would revert to Mother's probate estate, not to the 1998 Beneficiary Deed. Their reliance is misplaced. Committee Comments, as well as Author's Comments, are advisory, not mandatory. *See Sall v. Ellfeldt,* 662 S.W.2d 517, 524 (Mo.App. W.D.1983). However, even if this court were to rely on such Comments, the same result would be reached. Mr. Crocker would still have standing to bring his claim.

The 1995 Committee Comment to Section 461.054 states that property contained

in a beneficiary designation procured by fraud, duress, or undue influence "will become part of the probate estate." 4A JOHN A. BORRON JR., MISSOURI PRACTICE: PROBATE AND SURROGATE LAW MANUAL, § 461.054 at 597 (2001). The Author's Comment expands this explanation, stating that Section 461.054 only applies to an *original* beneficiary designation, not a subsequent one. *Id.* at 598. Even under the Comments, the 2001 Beneficiary Deed does not qualify as an original beneficiary designation, so the property contained therein could not become part of Mother's probate estate. Furthermore, the Author's Comment states that when a *subsequent* beneficiary designation, such as the 2001 Beneficiary Deed, is procured by fraud, duress, or undue influence, Section 461.037 applies, and the property reverts back to the original beneficiary. *Id.* In other words, if the 2001 Beneficiary Deed were found void, the 1998 Beneficiary Deed would still stand as a valid nonprobate transfer, and the property would not enter the probate estate. Thus, even if this court used the Comments in its reasoning, Mr. Crocker would still have standing to bring a claim.

In short, the plain and ordinary meaning of the language of Section 461.054 states that a beneficiary designation procured by fraud, duress, or undue influence is void. Assuming the facts alleged in Mr. Crocker's petition are true, the 2001 Beneficiary Deed is void, and the 1998 Beneficiary Deed stands as a valid instrument. We conclude that Mr. Crocker's petition should not have been dismissed for lack of standing on this ground, and his second point is granted.

### Point III

In his third point on appeal, Mr. Crocker contends the trial court erred in dismissing his petition on the basis that the 1998 Beneficiary Deed purported to convey more land than Mother owned at the time of execution, thus rendering the 1998 Beneficiary Deed invalid. Mr. Crocker maintains that such a deed is not invalid but, rather, is simply ineffectual to convey that portion of the land not owned by the grantor. Because James and Brian Crocker agree that the trial court did not dismiss Mr. Crocker's petition on this ground, this point is not addressed.

### Conclusion

We conclude that Mr. Crocker has standing to bring a claim, and the Motion to Dismiss should not have been granted. The order of the trial court is reversed, and the case is remanded for actions not inconsistent with this opinion.

ALL CONCUR.