LINCOLN TOWNSHIP SCHOOL DISTRICT, Dallas County, Appellee,
v. REDFIELD CONSOLIDATED SCHOOL DISTRICT
et al., Appellants.

No. 44572.

FEBRUARY 14, 1939.

Harry Wifvat, for appellee.

Curtis W. Gregory and Howard L. Bump, for appellants.

MITCHELL, C. J.—The Lincoln Township School District commenced this action in equity against the Redfield Consolidated School District, its treasurer, and members of the board, and the county treasurer of Dallas county, Iowa, alleging that the Redfield Consolidated School District had filed with the county auditor of Dallas county an alleged claim for tuition and transportation of certain pupils, in the amount of $298.08, and that the auditor transferred the same to the county treasurer in accordance with the provisions of the statute. The petition prayed for temporary and permanent injunction, restraining the county treasurer from transferring any funds belonging to plaintiff, to the Redfield Consolidated School Distict. A temporary injunction was issued. The Lincoln District filed an amendment to its petition, alleging that the provisions of section 4278 of the Code of Iowa are unconstitutional for the reason that the same deny it due process of law in that the said statute did not provide for notice to plaintiff and hearing, before the treasurer was authorized to transfer the funds. The Redfield District filed an answer, which contained a general denial and pleaded the facts as claimed to be by the Redfield District, leading to the filing of a certified statement with the auditor. It also filed a cross-petition, setting out the same facts and alleging that there was due the Redfield District the sum of $298.08 from the plaintiff, and prayed first that the petition be dismissed; second, that the court allow the claim of the Redfield District in the sum of $298.08, together with interest and costs.

To this was filed a motion to strike the paragraphs of defendants' answer, wherein it alleged the facts leading up to the filing of the statement with the county auditor. It also moved to dismiss the cross-petition and divisions two and three of the prayer, for the reason that the said cross-petition was a law

action, which would have to be brought as an independent action at law against the plaintiff.

There was a hearing, and the motion to strike defendants' answer was sustained in its main parts. The court also sustained the motion to strike defendants' cross-petition, and awarded plaintiff a permanent injunction, as prayed.

There was no hearing at the time on the merits of the plaintiff's petition or the cross-petition of the defendants.

I. The lower court based its decision upon the motion to strike the answer upon the grounds that the statute, section 4278 of the Code, was unconstitutional, being in conflict with section 9, Article I, of the Constitution of Iowa, in that it deprived the plaintiff school district of its property without due process of law.

Section 4278 of the 1935 Code is as follows:

"4278. Collection of tuition fees. If payment is not made, the board of the creditor corporation shall file with the auditor of the county of the pupil's residence a statement certified by its president specifying the amount due for tuition, and the time for which the same is claimed. The auditor shall transmit to the county treasurer an order directing him to transfer the amount of such account from the funds of the debtor corporation to the creditor corporation, and he shall pay the same accordingly."

The "due process" clause of the Iowa Constitution, section 9, Article I, reads as follows:

"Right of trial by jury—due process of law. Sec. 9. The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law."

It will be noted that this section states "no *person* shall be deprived * * *."

In the case of Waddell v. Board of Directors, reported in 190 Iowa 400, at page 406, 175 N. W. 65, at page 67, this court said:

"The defendant is a school corporation. It is a legislative creation. It is not organized for profit. It is an arm of the

State, a part of its political organization. It is not a 'person,' within the meaning of any bill of rights or constitutional limitation. It has no rights, no functions, no capacity, except such as are conferred upon it by the legislature. The legislative power is plenary. It may prescribe its form of organization and its functions today, and it may change them tomorrow. * * * It may dissolve the corporation at any time, and may direct the disposition of its property.

"If any rights arose out of any conveyance at the time thereof to any *person* other than the district township, such rights could not be impaired by subsequent legislation. As to the rights of the school corporation, these *could* be impaired and diminished by subsequent legislation."

In the case of Herrick v. Cherokee County, 199 Iowa 510, at page 513, 202 N. W. 252, at page 253, we read:

"A county is, in reality, an arm of the state, to aid in its governmental functions only; and being such, it and its property are wholly under the control of the legislature."

And in the very recent case of Charles Hewitt & Sons Company v. Keller, 223 Iowa 1372, 1377, 275 N. W. 94, 97, this court, speaking thru Justice Sager, said:

"Counties and other municipal corporations are, of course, the creatures of the legislature; they exist by reason of statutes enacted within the power of the legislature, and we see no sound basis upon which a ministerial (or, for that matter, any other) office may question the laws of its being. The creature is not greater than its creator, and may not question that power which brought it into existence and set the bounds of its capacities."

In this same case this court quotes from the case of State ex rel. Clinton Falls Nursery Co. v. Steele County Board of Commissioners, 181 Minn. 427, 232 N. W. 737, 71 A. L. R. 1190, as follows (page 1375 of 223 Iowa, page 96 of 275 N. W.):

" 'It is the well-established law that a litigant may be heard to question the constitutionality of a statute only when and so far as it is being or is about to be applied to his disadvantage. He must show injury. [Citing cases].'

" 'The better doctrine, supported by the weight of author-

ity, is that an official so charged with the performance of a ministerial duty will not be allowed to question the constitutionality of such a law. This rule is based largely upon governmental policy. It rests upon the theory that the court should accept as final the acts of the Legislature and discourage attacks upon them except where necessary to protect the private interests of the individual asserting invalidity and peculiarly and particularly affected thereby. * * * ' ''

Thus we find that a school district is not what is known as a "person", under the provisions of the Constitution, and therefore these provisions do not apply to a school district. It is purely a creature of statute and has no power except that specifically granted by the legislature. Its funds are under the absolute control of the legislature. It has no right to question the provisions of the law in regard to itself passed by its creator, the legislature; it cannot rise higher than its maker.

The lower court erred in striking the answer on the ground that the act was unconstitutional.

II. The next question raised is that the court erred in striking the cross-petition filed by the Redfield Consolidated School District.

The cross-petition pleaded the facts upon which the claim of the Redfield Consolidated School District had been filed against the Lincoln Township School District. The Lincoln District denied that it owed the Redfield District anything. The Lincoln District went into a court of equity; it sought that forum. There was no objection on the part of the Redfield District as to the forum; it simply asserted the facts on which its claim was based, and asked the court of equity to proceed to determine whether or not the Lincoln Township District owed the Redfield District anything, and if so, to determine the amount and give proper judgment and execution. This was attacked upon two grounds: (1) that the issue was in law and could only be tried to a jury; (2) that it was filed by the Redfield Consolidated School District and was not joined in by some of the other defendants.

As to the first ground, it must be kept in mind that this action was in equity, because the Lincoln Township District so commenced it. Having gone into equity, the Lincoln Township District cannot now complain, for, it is a well-known rule that

equity once acquiring jurisdiction shall determine all of the rights of both parties.

In the case of Penn Mutual Life Insurance Company v. Doyen, 211 Iowa 426, at page 433, 233 N. W. 790, at page 793, this court said:

"It is a general rule that, when equity has once obtained jurisdiction of a controversy, it will determine all questions material or necessary to the accomplishment of full and complete jurisdiction between the parties, even though in doing so it may be required to pass upon some matters ordinarily cognizable at law."

The facts on which the Redfield School District's claim is asserted grow out of the transaction pleaded in the petition. It is the one and only transaction between the two districts, and is in fact the appellants' claim against the appellee, growing out of the transaction set out in appellee's petition.

In the case of Harriman v. Roberts, 211 Iowa 1372, at page 1374, 235 N. W. 751, at page 753, this court said:

"Subdivision 2 of Section 11151 of the Code of 1927 is as follows:

"'Each counterclaim must be stated in a distinct count or division, and must be: * * *

"'2. A cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contracts or transactions set forth in the petition or connected with the subject of the action.'

"Under this provision of the statute, each of the defendants had a right to plead their cause of action as a counterclaim in this case. It is, of course, true that only the appellant Zora Roberts could recover damages for the injury to the automobile, but it is readily conceivable that each of the appellants might have suffered damages which they would be entitled to plead separately as a counterclaim. A counterclaim in such case is in the nature of a set-off. Hogle v. Smith, 136 Iowa 32, 113 N. W. 556."

The principal parties to this action are the Lincoln Township District and the Redfield Consolidated School District. They are the actors in the matter. The county treasurer is only the public official who must act when he is called upon to do

304

so by the Redfield Consolidated School District. He has no interest in the transaction or controversy, and of course, would have no counterclaim.

The lower court was wrong in striking the counterclaim, and it necessarily follows that this case must be, and it is hereby, reversed and remanded.—Reversed and remanded.

HAMILTON, STIGER, SAGER, MILLER, HALE, OLIVER, and BLISS, JJ., concur.