STATE of Missouri ex rel. BRENT-
WOOD SCHOOL DISTRICT et
al., Relators-Appellants,

v.

STATE TAX COMMISSION of Missouri
et al., Respondents,

and

Cheshire Motor Hotel, Inc., et al.,
Intervenors-Respondents.

No. 61253.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1979.

George J. Bude, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, for relators-appellants.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

Jerome Wallach, Fenton, for intervenors-respondents.

SEILER, Judge.

Relator school districts contend they are entitled to intervene as parties respondent in tax assessment cases before the State Tax Commission and sought mandamus in the circuit court accordingly. Their petition was dismissed and they have appealed. Jurisdiction over this appeal is doubtful; appellants assert that the Court's jurisdiction is based upon the need in this case for a construction of the revenue laws, under Mo. Const. art. V, § 3. Respondents contend that the issue presented is a procedural question and that appellants' assertion of jurisdiction is misplaced, but nonetheless urge the Court to take jurisdiction because of the general interest and importance of the question, as well as the urgency interposed by a delay in tax assessment and distribution of revenue to the appellant school districts. This case was advanced on the Court's docket on motion and the tax appeal proceedings below were stayed pending the outcome of this appeal. We therefore will retain and decide the case rather than go through the time-consuming procedure of sending the case to the court of appeals and then transferring it back prior to opinion. *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193 (Mo. banc 1972).

Various property owners instituted proceedings before the State Tax Commission to appeal tax assessments for 1977 and 1978 made by the assessor of St. Louis County. These appeals were filed on August 16, 1978 and August 24, 1978. On October 25, 1978, the Brentwood, Clayton, Mehlville R–9, and Ritenour School Districts ("school districts") filed motions to intervene in the tax appeals. On December 11, 1978, the State Tax Commission ruled that the school districts' motions to intervene were untimely, citing its rule 12 C.S.R. 30–2.050, which requires that motions to intervene be filed within thirty days of the institution of proceedings to review assessments. On December 19, 1978, appellant school districts filed a petition for alternate and absolute writ of mandamus and the circuit court issued the alternative writ of mandamus against the State Tax Commission. After respondents filed their return and motions to quash, relators filed their reply, and following oral arguments, the court quashed its alternative writ of mandamus on February 15, 1979, based upon a finding that the writ was improvidently issued and dismissed the petition.

■ The writ of mandamus "will not lie to establish a legal right, but its office is to enforce one which has already been established." *State ex rel. Crites v. Short*, 351 Mo. 1013, 174 S.W.2d 821, 823 (1943). Unless the school districts have an established legal right to intervene, the circuit court properly quashed its alternate writ of mandamus as improvidently issued.

The school districts allege that they have an unconditional right to intervene in tax assessment appeals before the State Tax Commission because they are "persons affected" under the language in § 138.470.1, RSMo 1978, which states in part:

"The commission, or any member thereof; or any duly authorized agent thereof, as the case may be, shall then and there hear and determine as to the proper assessment of all property and persons mentioned in said notice, and *all persons affected*, or liable to be affected by review of said assessments thus provided

for, may appear and be heard at said hearing. . . . " (emphasis added).

The school districts concede that there is no case law authority to support this reading of the above provision.

■ In *State ex rel. St. Francois County School District R–III v. Lalumondier*, 518 S.W.2d 638 (Mo.1975), and again in *City of Richmond Heights v. Board of Equalization*, 586 S.W.2d 338 (Mo. banc 1979), we held that a school district did not have standing to appeal decisions of the county board of equalization. The Court reasoned in *St. Francois County School District R–III* :

"We have the view that if the General Assembly had intended to provide a review of alleged underassessments at the request of a governmental subdivision it would have so provided . . . No doubt such was originally omitted on a theory that public officials would adequately protect the interests of the state and its subdivisions . . . "

518 S.W.2d at 643. The same reasoning applies in this case. If the General Assembly had intended to grant the school districts the right to intervene in tax assessment appeals, it would have so provided. No doubt the General Assembly did not so provide because the school boards' interests are adequately represented by the county assessor, who is the party respondent under § 138.470.1, RSMo 1978. Moreover, it follows that because a school district does not have sufficient standing to appeal a tax assessment, under *St. Francois County School District R–III*, it does not have sufficient interests, not otherwise adequately represented, to intervene as of right.

Appellants cite *In re St. Joseph Lead Co.*, 352 S.W.2d 656 (Mo.1961), as authority for their contention that they have an unconditional right to intervene, because the Court referred to "public bodies" in that case. In *St. Joseph Lead Co.*, the Court addressed the question of whether a county may seek judicial review of State Tax Commission findings through the administrative procedure and review statutes. Although the case came before the Court on a petition filed by the county and several school dis-

tricts, the Court noted that "the county represents whatever interests or rights the several school districts may have had . . ." 352 S.W.2d at 658. The Court recognized that counties properly represent "the state at large and in some measure themselves and other local units of government . . ." and that a contested case before the State Tax Commission is between the taxpayer and the county. *Id.* at 661.

In the instant case, St. Louis County represents whatever interest or rights the several school districts may have. The case before the State Tax Commission is between the taxpayers and St. Louis County, represented by the county assessor. Had the school districts filed timely motions before the State Tax Commission, the Court would be presented with a different case. For the purposes of this appeal, however, the Court need only consider the claim of the school districts that they have an unconditional right to intervene in cases before the State Tax Commission. We hold that school districts do not have an unconditional right to intervene in such cases.

 The school districts also allege that the State Tax Commission's rule on intervention violates their due process rights to notice and an opportunity to be heard. The school districts cite no cases which establish that political subdivisions are protected by the due process clause. The United States Supreme Court has held that political subdivisions and municipal corporations are creatures of the state and are subject to the state's will unrestrained by the United States Constitution. *Hunter v. City of Pittsburgh,* 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907); *Williams v. Mayor of Baltimore,* 289 U.S. 36, 53 S.Ct. 431, 77 L.Ed. 1015 (1932). The state supreme courts addressing the issue have held that school districts, as governmental agencies, are not "persons" within the protections of the due process clause. *Cronin v. Lindberg,* 66 Ill.2d 47, 4 Ill.Dec. 424, 360 N.E.2d 360 (1976); *Village of Blaine v. Independent School District No. 12,* 272 Minn. 343, 138 N.W.2d 32 (1965); and, *Lincoln Township School District v. Redfield Consolidated School District,* 226 Iowa 298, 283 N.W. 881 (1939). *But see School District No. 23 v. School Planning Committee,* 146 Colo. 241, 361 P.2d 360 (1961) (school district property cannot be taken without due process of law). We hold that school districts, as creatures of the state established to perform governmental functions, are not persons within the protections of the due process clause and cannot charge the state with violations of due process.

Because the school districts did not have an unconditional right to intervene, the circuit court properly quashed its alternate writ of mandamus as improvidently granted. The judgment of the circuit court is affirmed.

BARDGETT, C. J., DONNELLY, RENDLEN and WELLIVER, JJ., WELBORN, Special Judge, and FINCH, Senior Judge, concur.

MORGAN, J., not sitting.

HIGGINS, J., not participating because not a member of the court when cause was submitted.