**STATE ex rel. MEHLVILLE FIRE PROTECTION DISTRICT,**
Appellant,

v.

**STATE TAX COMMISSION OF MISSOURI, et al., Respondents.**

**No. WD 36507.**

Missouri Court of Appeals,
Western District.

Aug. 6, 1985.

Daniel P. Card, II, and Chester A. Love, St. Louis, for appellant; Love, Lacks, McMahon & Paule, St. Louis, of counsel.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

Before MANFORD, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

St. Anthony's Medical Center filed an appeal before respondent State Tax Commission from the St. Louis County Board of Equalization's determination that its medical office buildings located in St. Louis County were not exempt from taxation pursuant to the provisions of Const.Mo. Art. X, § 6, and § 137.100, RSMo 1978. Thereafter, appellant timely filed its motion to intervene in the case before the Tax Commission, alleging that it is a political subdivision of the state in St. Louis County created pursuant to Chapter 321, RSMo 1978, with power to levy and impose taxes upon real estate and personal property located within its boundaries. The St. Louis County Assessor joined in appellant's motion to intervene, stating in suggestions that appellant would lose $12,974 in 1983 revenue if the exemption were granted; that he would be assisted by the intervention for the purpose of discovery of facts bearing on the claimed exemption; and "Respondent [assessor] may not be able to fully and adequately represent the interests of the fire protection district in that it may hold a different opinion as to the subject property's degree or percentage of exemption or valuation, or both."

The Commission made an order denying appellant's motion to intervene, with findings of fact, saying that oral hearing of the motion was not required as the parties had adequately briefed the issues involved;

that appellant's reliance on § 138.470.1, RSMo 1978, as authority for its "right to intervene" is misplaced. "The Commission's rules clearly distinguish between the right to be heard, and the right to intervene in contested cases before the Commission. 12 CSR 30–2.050. Intervention in contested cases before the Commission is discretionary with the Commission; that respondent (assessor) will adequately represent the interests of applicant; intervention would allow duplicative discovery efforts, repetitive presentation and cross-examination of the witnesses, and would otherwise unduly complicate the appeal in light of the alternatives." It was found that applicant (appellant) was entitled to appear and be heard on any evidentiary hearing in the matter, and might consult with and assist respondent (assessor) in the preparation of its case, but it was further ordered that "Applicant may not conduct discovery, call witnesses, or cross-examine Complainant's witnesses in this appeal. However, applicant will be given notice of and may appear and be heard at any evidentiary hearings in this appeal. In addition, the Commission will consider the applicant's brief of the issues in this matter should such be submitted, and applicant may otherwise cooperate with Respondent in preparation of his case."

Appellant then filed a petition in mandamus in the circuit court asking that the Commission be required to sustain the application for intervention. A preliminary order was issued but was later quashed, and the Commission's motion for judgment on the pleadings was sustained on the ground that the petition failed to state a claim for relief in mandamus.

■ There is nothing in the statutes, §§ 138.190, et seq., which gives a political entity, such as appellant, an absolute, unconditional right to intervene in proceedings on appeal where the appealing party is a taxpayer. Rather, § 138.470.1, RSMo 1978, provides that upon a hearing and determination "as to the proper assessment of all property and persons mentioned in said notice, and all persons affected, or liable to be affected by review of said assessments thus provided for, may appear and be heard at said hearing. * * *." This is something short of the participation status of an allowed intervenor-party. Nevertheless, the Commission has adopted the rule, 12 CSR 30–2.050, relating to intervention on its review of any assessment. The rule reiterates the above statutory provision for appearance by any affected party and the opportunity to be heard. Then, the rule [subs. (2)] provides for an application for leave to intervene in any contested case. Here, there was no written objection to the intervention, and the Commission determined that no oral argument thereon was necessary. Subsection (3) provides for the balancing criteria for the Commission to weigh in determining whether the motion to intervene *may* be granted.

Analogous cases have held that certain bodies politic (included in § 1.020(10) RSMo) did not have standing to appeal decisions (involving taxation) of the county board of equalization. *State ex rel. St. Francois County School District R–III v. C.A. Lalumondier, et al.*, 518 S.W.2d 638 (Mo.1975); *City of Richmond Heights v. Board of Equalization*, 586 S.W.2d 338 (Mo. banc 1979). In *State ex rel. Brentwood School District, et al., v. State Tax Commission of Missouri, et al.*, 589 S.W.2d 613 (Mo. banc 1979), it was held that relator school districts did not have an unconditional right to intervene in cases before the State Tax Commission, and therefore the circuit court properly quashed its alternative writ of mandamus as improvidently granted. Appellant here asserts that the holding is dicta apparently because the relator there did not timely file the motion to intervene. The court did not pass upon the issue of timely filing, but rather clearly considered the claim of the school districts that they had an unconditional right to intervene, holding contrary to the claim. Thus, the Brentwood holding is not dicta. Although the court there did say, page 615, "Had the school districts filed timely motions before the State Tax Commission, the court would be presented with a different case", it is not known what

was meant. Presumably, the court would have gone on to consider the commission's exercise of discretion under its rule 12 CSR 30–2.050(3). In any event, the Brentwood case disposes of appellant's claim that it has an unconditional right to be a party in the proceedings before the Commission.

In this case, appellant insists that the order of the Commission was arbitrary, capricious and unreasonable so as to amount to an abuse of discretion, and that there was no evidence to support the order. The Brentwood case, supra, says that the interests or rights the several school districts there involved may have had were represented by St. Louis County, and so it is here with appellant, Mehlville Fire Protection District. The Commission found that the St. Louis County Assessor, as respondent, would adequately represent appellant's interests, which were under 12 CSR 30–2.050(3) [to be weighed in balance], that its operating revenues were derived from ad valorem tax revenues; that any decreases in assessed valuation would decrease tax revenues available for distribution by appellant; and such reduction would have an immediate impact on appellant. The Commission obviously weighed these factors in considering whether the St. Louis County Assessor would adequately represent appellant on those issues, and no abuse of discretion is apparent in that decision. Furthermore, it was not necessary that the Commission have evidence that intervention would allow duplicative discovery efforts, repetitive presentation, and cross-examination of additional witnesses. Those factors could be inferred from appellant being allowed to intervene as a party. It was enough, under § 138.470, and 12 CSR 30–2.050(3), that appellant was allowed to appear and be heard, and to assist the St. Louis County Assessor, and to file briefs.

Appellant also asserts that its due process rights to become a party with the opportunity to develop and present evidence, and to cross-examine witnesses infringes its rights as a "person" (§ 1.020, RSMo 1978) under Const. Mo. Art I, § 10.

It acknowledges that the question of due process rights under the federal constitution, Amend. XIV, was addressed in the Brentwood case, supra, page 615[3, 4], and there ruled adversely to the school districts. In their references to "persons", both the federal and state constitutions are the same. Appellant, as a political subdivision of the state, is not a "person" within the Missouri due process clause.

The judgment is affirmed.

All concur.