James A. & Helen **BARTLETT**, et al., Respondents,

v.

Beverly O. **ROSS**, Collector of Revenue, et al., Respondents,

**School District of Kansas City, et al., Intervenors–Appellants.**

No. 76757.

Supreme Court of Missouri, En Banc.

Jan. 24, 1995.

Rehearing Denied Feb. 21, 1995.

Shirley Ward Keeler, Kansas City, for intervenors-appellants.

Richard P. Hutchison, Jerald L. Hill, Mark J. Bredemeier, Kansas City, for respondents.

BENTON, Judge.

The School District of Kansas City seeks to challenge the distribution of unclaimed refunds of property tax. The District—staking jurisdiction on Art. V, § 3 of the Missouri Constitution—disputes the circuit court's construction of § 139.031.2.[1] Because the District has no standing to appeal, this Court dismisses its appeal.

### I.

To finance the District's desegregation plan, the United States District Court ordered, for 1987 and future years, a "property tax increase of $1.95 per $100 assessed valuation." *Jenkins v. State of Missouri,* 672 F.Supp. 400, 413 (W.D.Mo.1987). In 1988, Landmark Legal Foundation—a public interest law firm—filed petitions in circuit court to recover the 1987 increase, on behalf of 12,415 taxpayers who had filed written protests with the county collector under § 139.031.1. The collector impounded the

disputed funds in a separate account, pursuant to § 139.031.2.

While these state refund cases were pending, the United States Supreme Court reversed the district court because it impermissibly supplanted the District's authority. *Missouri v. Jenkins,* 495 U.S. 33, 50–52, 110 S.Ct. 1651, 1662–64, 109 L.Ed.2d 31 (1990). On remand, the district court ordered refunds to all taxpayers who properly protested their 1987 payment; the Eighth Circuit affirmed. *Jenkins v. State of Missouri,* 962 F.2d 762, 767 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992).

The taxpayers and the collector then moved for summary judgment in state court. The court granted the joint motion, directing the parties to reconcile the impounded account with the list of protesting taxpayers. Checks for 12,215 named plaintiffs were distributed to Landmark and then mailed to the individual taxpayers. By October 1993, more than $11 million had been refunded, but about $480,000 in refund checks remained uncashed.

Landmark and the collector next moved that the circuit court release to Landmark the undistributed funds ($480,000 plus interest). The joint motion also requested that Landmark retain future interest on the funds, as compensation for continuing to locate taxpayers.

The District sought to intervene before entry of final judgment, arguing that Landmark should receive no funds because some remaining taxpayers had not authorized Landmark to file refund petitions. On January 27, 1994, the circuit court permitted the District to intervene, at the same time it granted the joint motion. Landmark was ordered to continue to locate taxpayers, with any funds not distributed by January 1998 escheating to the State. After Landmark filed a satisfaction of judgment, the circuit court dismissed the case. The District appeals, protesting both the release of funds to Landmark and Landmark's retention of interest accruing on the funds.

---

1. All citations of § 139.031 are to RSMo Supp. 1987; all other statutory citations are to RSMo 1986.

## II.

■ No party challenges the standing of the District to bring the present appeal. However, this Court is obliged to determine whether it has jurisdiction over a controversy. *Kuyper v. Stone County Commission*, 838 S.W.2d 436, 437 (Mo. banc 1992). Without standing, there is no controversy. *State ex rel. Mathewson v. Board of Election Commissioners of St. Louis County*, 841 S.W.2d 633, 634–35 (Mo. banc 1992); *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 227 (Mo. banc 1982). Therefore, this Court must address the District's standing to appeal.

## III.

The District asserts standing based on its status as "the entity on whose behalf the taxes were collected." All parties agree that this appeal involves the construction of § 139.031.2. *Cf. Armco Steel v. City of Kansas City*, 883 S.W.2d 3, 8 (Mo. banc 1994) (§ 139.031.2 also applies to "taxes collected by city and municipal collectors").

■ Section 139.031.2 culminates a complex scheme of property taxation. The assessor initiates the process by making a property assessment, which may be appealed (1) to the county board of equalization; then (2) to the State Tax Commission *if* the dispute involves "assessment . . ., the correct valuation . . ., the method or formula used in determining the valuation . . ., or the assignment of a discriminatory assessment;"[2] and finally (3) to circuit court. *§§ 137.335, 137.385, 138.110, 138.430.1.* To receive a refund, taxpayers must exhaust applicable administrative remedies. *Sperry Corp. v. Wiles*, 695 S.W.2d 471, 472–74 (Mo. banc 1985); *Westglen Village Associates v. Leachman*, 654 S.W.2d 897, 900 (Mo. banc 1983); *C & D Investment Co. v. Bestor*, 624 S.W.2d 835, 838 (Mo. banc 1981); *Horizons West Properties v. Leachman*, 548 S.W.2d 550, 553 (Mo. banc 1977).

Here, no administrative appeals were required because the taxpayers challenge only the *tax rate*. No question of valuation,

equalization, nor any other issue in § 138.430 is involved. Hence, the taxpayers need only pay under protest (§ 139.031.1) and then sue the collector in circuit court (§ 139.031.2).

The two parties to the circuit court suit are the "taxpayer" and the "collector":

> [E]very *taxpayer* protesting the payment of taxes shall, within ninety days after filing his protest, commence an action against the *collector* by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. *§ 139.031.2* (emphasis added).

Continuing, the statute does not permit *any* party to appeal from the circuit court. It states: "*Either* party to the proceedings may appeal the determination of the circuit court." *§ 139.031.4* (emphasis added). The statute thus allows appeal by *either* the taxpayer *or* the collector. "The right to seek judicial review depends upon its express authorization by either a statute or rule." *City of Richmond Heights v. Board of Equalization of St. Louis County*, 586 S.W.2d 338, 342 (Mo. banc 1979). In this case, no such express authorization exists for school districts. Consequently, the District may not appeal the order of the circuit court.

This holding accords with this Court's precedent on the earlier administrative process. A "city or any other political subdivision of the state"—including school districts—may not appeal from the county board of equalization to the State Tax Commission. *Id.* at 341; *State ex rel. City of Cabool v. Texas County Board of Equalization*, 850 S.W.2d 102, 104–05 (Mo. banc 1993); *State ex rel. St. Francois County School District R–III v. Lalumondier*, 518 S.W.2d 638, 643 (Mo.1975). School districts likewise do not have the right to intervene before the State Tax Commission—and thus no standing to appeal—because the legislature has determined that "the school board's interests are adequately represented by the county assessor, who is the party respondent." *State ex rel. Brentwood School District v. State Tax Commission*, 589 S.W.2d 613, 614 (Mo. banc 1979).

---

**2.** However, appeals may proceed directly to circuit court from the county board of equalization—bypassing the State Tax Commission—*if*

the dispute involves "the exclusion or exemption of . . . property from assessment." *§ 138.430.2.*

■ This logic applies equally to the present case. Just as school districts may not appeal administrative decisions, they may not appeal refund judgments, absent a statute. By the plain language of §§ 139.031.2 and 139.031.4, only the protesting taxpayers and the Jackson County collector may appeal the January 27, 1994 order of the circuit court. This they have not done.

### IV.

The appeal of the School District of Kansas City is dismissed for want of standing to appeal.

COVINGTON, C.J., HOLSTEIN, LIMBAUGH and ROBERTSON, JJ., and PARRISH, Special Judge, concur.

THOMAS and PRICE, JJ., not sitting.