Jordan Danielle **KING–WILLMANN, a minor child, by her mother and next friend, Sherrill Christine King, and Sherrill Christine King, Individually, and Keith Willmann, Individually, Respondents,**

v.

**WEBSTER GROVES SCHOOL DISTRICT, Appellant.**

No. SC 92125.

Supreme Court of Missouri, En Banc.

March 6, 2012.

Doug A. Copeland, Stephen C. Hiotis, Copeland Thompson Farris PC, St. Louis, for Webster Groves District.

Robert Presson, James R. Layton, Solicitor General, Attorney General's Office, Jefferson City, for the State.

James G. Thomeczek, Sandra A. Padgett, Thomeczek & Brink LLC, St. Louis, for Special School District of St. Louis County.

PER CURIAM.

Jordan Danielle King–Willmann filed a petition seeking a writ of mandamus requiring the Webster Groves school district to enroll her in the district pursuant to section 167.131.2.[1] The school district contested certain material facts alleged by King–Willmann and asserted several defenses, including a claimed violation of the Hancock amendment, Mo. Const. art. X, sec. 21. Without holding an evidentiary hearing, as had been requested by the school district, the trial court issued a writ of mandamus granting King–Willmann relief. Because contested issues of fact ex-

---

1. All statutory references are to RSMo 2000.

ist, the judgment is reversed, and the case is remanded. On remand, the trial court need not consider the Hancock amendment claim as the school district has no standing to bring such a claim.

## Facts and Procedure

King–Willmann alleged that she lived within the St. Louis school district, that the school district was unaccredited, and that, pursuant to section 167.131, she was entitled to attend the public school of her choice in another district of the same or an adjoining county. She asked that a writ of mandamus issue directing the Webster Groves school district to enroll her.

The school district answered the petition and denied that King–Willmann lived within the St. Louis school district, denied that she had completed all necessary school work to enroll in the ninth grade, and denied that it was required to enroll King–Willmann. It also asserted several defenses and requested an evidentiary hearing.

The trial court did not grant the requested evidentiary hearing. Relying on the pleadings and the parties' oral argument of various motions, the trial court issued the requested writ of mandamus. The school district appeals.[2]

## Standard of Review

■ Proceedings in mandamus are governed by and conform to the rules of civil procedure and the existing rules of general law on the subject. *Rule 94.01.* In a court-tried case, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is

against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Failure to Conduct an Evidentiary Hearing

■ A trial court judgment based solely on the pleadings is not supported by sufficient competent evidence in the record if material issues of fact are raised by the pleadings. *Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 600 (Mo. banc 2007). As noted, the parties contest material facts concerning King–Willmann's claim for relief. The judgment, therefore, must be reversed, and the case is remanded.

## Hancock Amendment Claim[3]

■ As the case is to be remanded, the Court will address the school board's defense that section 167.131 violates Mo. Const. art. X, secs. 16 to 24 by requiring a new activity or service without full state financing. The question is whether the school district, which is not a taxpayer, has standing to use the Hancock amendment as a defense. The answer is, "No."

Under the provisions of the Hancock amendment, "any taxpayer" of the state, county or other political subdivision shall have standing to bring suit to enforce the Hancock amendment. Mo. Const. art. X, sec. 23. In *Fort Zumwalt School Dist. v. State*, this Court said:

The Hancock Amendment makes no pretense of protecting one level of government from another. By its clear language, Section 23 limits the class of

---

**2.** The appeal was filed in the court of appeals. This Court ordered the case transferred prior to opinion and has jurisdiction. Mo. Const. Art. V, sec. 10.

**3.** The respondents in this case chose not to submit any briefs. The attorney general was

permitted to brief and argue the issues as amicus curiae but confined his argument to the Hancock amendment issue. The Court expresses its appreciation for the attorney general's assistance.

persons who can bring suit to enforce the Hancock Amendment to "any taxpayer." In so doing Section 23 recognizes that any apparent injury to the school district is merely derivative of the taxpayers' injury. *Cf. Bartlett v. Ross,* 891 S.W.2d 114, 116 (Mo. banc 1995) (school districts not considered real parties in interest in tax protests before State Tax Commission).

The school district plaintiffs do not, because they cannot, claim status as taxpayers. We hold, therefore, ... that the school district plaintiffs in this case are without standing to bring an action to enforce Article X, Section 21.

896 S.W.2d 918, 921 (Mo. banc 1995).

The school board argues *Fort Zumwalt* is not applicable because it is not bringing suit, but using the Hancock amendment as a defense. But this Court has rejected that distinction. *State ex rel. Bd. of Health Center Trustees of Clay County v. County Com'n of Clay County,* 896 S.W.2d 627, 631 (Mo. banc 1995)(noting it was not the trustees' role to act as a judge of the constitutionality of a tax).[4]

### Conclusion

The judgment is reversed, and the case is remanded.

All concur.

---

**4.** *Neske v. City of St. Louis,* 218 S.W.3d 417 (Mo. banc 2007), is not to the contrary of *Health Center Trustees* as this Court did not discuss the standing issue in *Neske.* To the extent *Neske* can be read as being contrary to *Health Center Trustees,* it is overruled.