

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| PROFESSIONAL FIRE FIGHTERS OF<br>EASTERN MISSOURI,<br>INTERNATIONAL ASSOCIATION<br>OF FIRE FIGHTERS, LOCAL 2665, | ) ) ) ) ) | No. ED101187 |
| Appellant, | ) ) | Appeal from the Circuit Court<br>of St. Louis County |
| vs. | ) ) | 13SL-CC1777 |
| CITY OF UNIVERSITY CITY, et al., | ) ) | Honorable David Lee Vincent III |
| Respondents. | ) | Filed: December 9, 2014 |

Professional Firefighters of Eastern Missouri, International Association of Firefighters, Local 2665 ("the Union") appeals the trial court's judgment dismissing its petition for writ of mandamus against of the City of University City ("the City").[1] We reverse and remand.

## I.       BACKGROUND

The Union represents all of the firefighters employed by the City for the purposes of collective bargaining. The parties' relationship is governed by the terms of a memorandum of agreement ("MOA"). The MOA expired on June 30, 2011, but by its own terms the MOA

---

[1] Respondents in this case are the City of University City, Mayor Shelley Welsch, Chief Adam Long, City Manager Lehman Walker, Council Member Stephen Kraft, Council Member Terry Crow, Council Member L. Michael Glickert, Council Member Paulette Carr, Council Member Arthur Sharpe, Jr., and Council Member Byrone Price. Because the City officials were named only in their official capacity, we refer to all Respondents collectively as "the City."

automatically renews annually unless one of the parties provides timely written notice of its desire to modify the agreement.

On January 31, 2013, the Union sent timely written notice to the City of its desire to modify the MOA with respect to, (1) the compensation model for the City's firefighters and paramedics; (2) the City's health and wellness program; (3) the method for calculating City firefighters/paramedic pensions; and (4) Union member holiday pay. Subsequently, the parties had numerous collective bargaining sessions starting on February 6, 2013. During the sessions, the parties reached tentative agreements on various provisions of the MOA. Both parties describe these initial sessions as generally congenial and productive.

However, on April 10, 2013, the mood of the negotiations abruptly changed. During the week prior to the session, Union Shop Steward Jen Stuhlman filed a formal, written complaint against Chief Adam Long, alleging he made discriminatory comments about her gender. At the April 10, 2013 session, the City refused to submit a counter-proposal to the Union's most recent proposal. The parties described the April 10, 2013 session and every session thereafter as "heated." On or about April 22, 2013, the City submitted a counter-proposal to the Union which included a pay cut. The counter-proposal also eliminated all eleven of the new articles proposed by the Union without explanation. Specifically, the City's counter-proposal proposed that the existing MOA articles regarding "union business" and the calculation of Fair Labor Standards Act overtime remain unchanged, where the Union had specifically requested changes to these sections. Subsequent sessions became increasingly contentious. Negotiations came to a head on April 24, 2013, when the City's negotiating team walked out of the session within two minutes of starting the meeting.

2

Ultimately, on or about May 17, 2013, the Union filed a petition for writ of mandamus against the City requesting the trial court order, among other things, the City to collectively bargain in good faith with the intent to reach an agreement. The trial court issued a preliminary writ of mandamus against the City and appointed a special master to preside over the collective bargaining negotiations. The special master presided over the next several bargaining sessions. Subsequently, the special master issued his report to the trial court. The report found the following pertinent facts:

1.      The City decided to stop compensating Union Shop Steward Jen Stuhlman and other Union members for "union business," such as appearing at negotiation sessions. The City made this change unilaterally, based on its new interpretation of the MOA, which considered such compensation discretionary rather than mandatory. The City had granted Stuhlman compensation for "union business" without incident for at least the past decade.

2.      The City ordered Stuhlman to attend mandatory sexual harassment training on October 9, 2013, during the time she was previously scheduled to attend a negotiation session between the parties. The City later characterized this as "inadvertent oversight."

3.      During the October 9, 2013 negotiation session, the City offered few, if any, new or modified proposals in response to new and modified Union proposals. The City's responses to many of the Union's modified proposals were either outright rejection or reference to its prior responses. The special master considered many of the Union's proposals to be reasonable but many of the City's responses to be unreasonable.

Based on those factual findings, the special master found that the City was not collectively bargaining in good faith. The Union filed a motion for relief and sanctions with the trial court based on the special master's report. The City responded, and the trial court heard oral argument on the pleadings. On November 25, 2013, the court denied the Union's motion and dismissed the Union's petition for writ of mandamus without holding an evidentiary hearing. In its order, the trial court adopted all of the special master's factual findings verbatim. However, it altered the conclusion, finding that based on the facts, the City had negotiated in good faith. The trial court included no explanation or reasoning in its order for the opposite conclusion.

The Union filed an authorized post-judgment motion requesting the trial court vacate its November 25, 2013 order and set the matter for an evidentiary hearing. The trial court granted the Union leave to supplement its post-judgment motion by way of an offer of proof. The Union attached thousands of pages of documents to its offer of proof, but the trial court never held an evidentiary hearing to admit those documents to the record. The trial court entered a judgment denying the Union's post-judgment motion and affirming its dismissal of the Union's petition for writ of mandamus. This appeal followed.

## II.    DISCUSSION

The Union raises two points on appeal. In its first point, the Union asserts the trial court erred in dismissing the Union's petition for writ of mandamus without an evidentiary hearing. In its second point, the Union maintains the trial court erred in dismissing its petition for writ of mandamus because the City's actions constituted bad faith collective bargaining. Because the Union's first point is dispositive, we do not address its second point.

4

**A.    Standard of review**

The parties disagree on the proper standard of review.  As such, our first task is to determine the correct standard.

The Union seeks appellate review of the trial court's dismissal of its petition for writ of mandamus, rather than seeking an original writ originating in this Court.  *See* Rules 84.22 and 94.01 *et seq.*[2]  An appeal will lie from the denial or dismissal of a writ petition when a trial court issues a preliminary order in mandamus but then denies a permanent writ, similar to the procedural posture here.  *U.S. Dept. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 358, 364 (Mo. banc 2013).

The City, relying on *Boresi*, asserts that we must review the dismissal of a petition for writ of mandamus for abuse of discretion.  In *Boresi*, a workers' compensation claimant was injured during the course of his employment and received treatment at a medical facility run by the United States Department of Veterans Affairs ("VA").  *Id*. at 358.  The VA filed a petition for writ of mandamus to allow its intervention in the subsequent workers' compensation proceeding to recoup its costs for treating the claimant.  *Id*.  The trial court denied the VA's writ petition.  *Id*.  The Supreme Court held that the proper standard of review for such a writ petition, one involving a procedural issue, was abuse of discretion.  *Id*. at 359 (citing *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007) (appeal from a writ petition to transfer the venue); *State ex rel. Taylor v. Meiners*, 309 S.W.3d 392, 393-94 (Mo. App. W.D. 2010) (writ petition seeking to prohibit a Workers' Compensation Administrative Law Judge over his claim from ordering an independent medical examination); *State ex rel. Rosenberg v. Jarrett*, 233 S.W.3d 757, 759 (Mo. App. W.D. 2007) (writ petition seeking to disqualify a member of the Administrative Hearing Commission)).

---

[2] All references to Rules are to Missouri Supreme Court Rules (2014).

Conversely, the Union argues the appropriate standard of review is *Murphy v. Carron* (536 S.W.2d 30, 32 (Mo. banc 1976)), citing Judge Fischer's concurring opinion from *Boresi*. In his concurrence, Judge Fischer noted that "in cases in which the court below dismisses the petition following answer or motion directed to the merits of the controversy and in doing so determines a question of fact or law . . . the appellate court will affirm the circuit court's denial of [] a writ unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law standard, not the abuse of discretion standard." *Boresi*, 396 S.W.3d at 365, n. 7. Judge Fischer cited a string of cases where the writ petition addressed the merits of the controversy. *Id*. (citing *State ex rel. St. Joseph School Dist. v. Missouri Dept. of Elementary and Secondary Educ.*, 307 S.W.3d 209, 211-12 (Mo. App. W.D. 2010) (held the standard of review for a writ petition filed by a school board seeking to compel the Missouri Department of Elementary and Secondary Education to enforce an alleged settlement agreement between the board and the parents litigating against it was *de novo*); *State ex rel. Meyer v. Cobb*, 467 S.W.2d 854, 854-57 (Mo. 1971) (held the standard of review for a writ petition to dissolve a hospital district and be annexed into the neighboring district was *de novo*); *State ex rel. Schaefer v. Cleveland*, 847 S.W.2d 867, 869 (Mo. App. E.D. 1992) (held the standard of review for a writ petition seeking to compel a municipal zoning commission to approve a subdivision plot disposed of by a motion to dismiss would be whether the pleadings stated a claim, considering all well pleaded facts as true); *Stone v. Missouri Dept. of Corrections, Probation & Parole Bd.*, 313 S.W.3d 158, 160 (Mo. App. W.D. 2010) (held the standard of review for a writ petition to direct the Missouri Department of Corrections and the Missouri Board of Probation and Parole to recalculate prisoner's sentence based on legislative changes in the sentencing statutes was whether the judgment was not supported by substantial

evidence, was against the weight of the evidence, or it erroneously declared or applied the law); *Wheat v. Missouri Bd. of Probation and Parole*, 932 S.W.2d 835, 837-38 (Mo. App. W.D. 1996) (same issues and holding as *Stone*); *Delay v. Mo. Bd. of Prob. & Parole*, 174 S.W.3d 662, 663-66 (Mo. App. W.D. 2005) (writ petition for Missouri Board of Probation and Parole to grant prisoner parole for violations of his due process rights and the prohibition on *ex post facto* laws reviewed *de novo*)).

These cases demonstrate that the manner in which the trial court disposed of the writ petition determines the proper standard of review, just as if the case were brought as original litigation.

The trial court's resolution of the writ in this case was analogous to the Missouri Supreme Court case *King-Willmann v. Webster Groves School Dist.*, 361 S.W.3d 414 (Mo. banc 2012). In that case, a student filed a petition for writ of mandamus against a school board seeking enrollment. *Id*. at 415. The writ relied on a statute allowing students living in unaccredited public school districts to enroll in another district in the same or an adjoining county. *Id*. The trial court granted the requested writ, thus resolving the underlying controversy on the merits. *Id*. The Court held that the correct standard of review on appeal was whether substantial evidence supported the judgment, whether it was against the weight of the evidence, whether it erroneously declared the law, or whether it erroneously applies the law. *Id*. (citing *Murphy*, 536 S.W.2d at 32).

Here, the writ petition addresses whether the City complied with its constitutional obligation to collectively bargain in good faith. *See* Missouri Constitution Article I, Section 29 (guaranteeing employees the right to collectively bargain); *American Federation of Teachers v. Ledbetter*, 387 S.W.3d 360, 364 (Mo. banc 2012) (providing that Article I, Section 29 includes

7

an obligation to bargain in good faith). The resolution of the petition therefore required the trial court to address multiple issues of law and fact directly affecting the ultimate merits of the controversy, similar to the trial court's resolution of the writ in *King-Willmann*. The Union sought a writ directed to whether the City violated its constitutional obligation to collectively bargain in good faith. The trial court resolved that question on the merits, and this decision ended the litigation. Thus, we will reverse the trial court's dismissal of the Union's petition for writ of mandamus if it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *See Boresi*, 396 S.W.3d at 365, n. 7; *King-Willmann*, 361 S.W.3d at 415.

**B.    The evidentiary hearing requirement**

A trial court's ruling on a writ petition made without an evidentiary record is not supported by sufficient competent evidence in the record if material issues of fact are raised by the pleadings. *Id*. at 416. An offer of proof is not itself evidence; rather it serves to "insure the trial court and opposing counsel understand the *proposed* evidence." *Russell v. Director of Revenue*, 35 S.W.3d 507, 509-10 (Mo. App. E.D. 2001) (emphasis added, quotations omitted).

Here, the trial court received the special master's report. The Union filed a motion for relief and sanctions based on that report, and the trial court allowed the Union to submit an offer of proof in support of its position. The Union's offer of proof had thousands of pages of documents attached to it. However, the trial court did not hold an evidentiary hearing. As such, none of the documents attached to the offer of proof were admitted to the record. Therefore, when the trial court ruled on the petition for writ of mandamus, it did so based only on the pleadings, the special master's report, and the parties' oral argument.

The Missouri Supreme Court recently addressed a similar set of facts in *King-Willmann*. In that case, the Court reversed the trial court's grant of a writ of mandamus where the trial court relied only on the pleadings and the parties' oral argument. 361 S.W.3d at 416. The parties presented no record, and the appellant requested an evidentiary hearing but did not receive it. *Id*. In reversing, the Court reasoned that the parties contested several material facts and the judgment was not supported by sufficient competent evidence to resolve those disputes absent an evidentiary hearing. *Id*.

The circumstances are the same here. The trial court resolved and dismissed the writ petition without admitting any evidence, despite the existence of a multitude of unresolved issues of material fact raised by the pleadings. In fact, the trial court decided the entirety of the merits of the case without any evidence before it. Under such circumstances, we cannot say that the trial court's ruling is supported by substantial evidence.

The special master's report does not change this outcome. Rule 68.01(g) governs the procedure surrounding a special master's report. After receipt of the report, the trial court has discretion to adopt the report, or, after a hearing, may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions. Rule 68.01(g)(3). In any event, though, the trial court must examine the evidence for itself to determine whether the law and the facts of the case justify the special master's findings and recommendations. *Hoffman v. Hoffman*, 292 S.W.3d 436, 437 (Mo. App. E.D. 2009). Here, the trial court did not admit any evidence to complete its independent review. Rather, it simply adopted the special master's factual findings but changed the legal conclusion without evidentiary review or explanation. The special master's report stated that "the City is no longer negotiating in good faith, with the present intention to reach an agreement[,]" but the trial court's judgment stated

9

that "[b]ased on the above modified findings, the [City] negotiated and bargained in good faith under Missouri law with the present intention to reach an agreement[.]"

The trial court did not fulfill its obligations under the Rules to review evidence in the record before modifying the special master's report. The special master's report cannot substitute for a lack of evidentiary record in dismissing the writ petition. Based on the foregoing, the trial court erred in dismissing the Union's petition for writ of mandamus without an evidentiary hearing. Point one is granted.

## III. CONCLUSION

The trial court's judgment dismissing the Union's petition for writ of mandamus against the City is reversed and remanded for proceedings consistent with this opinion.

ROBERT M. CLAYTON III, Judge

Patricia L. Cohen, P.J., and
Roy L. Richter, J., concur.

10