

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| SWEETGUM PROPERTIES, LLC, | ) | No. ED112750 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 23SL-CC04959 |
| | ) | |
| ST. LOUIS COUNTY BOARD OF | ) | Honorable Brian H. May |
| EQUALIZATION, CHERYL A. KUNZLER | ) | |
| JAMES F. HORNE, AND ROBERT S. | ) | |
| KOCH, | ) | |
| | ) | |
| Respondents. | ) | Filed: November 26, 2024 |

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Patricia Breckenridge, Sp. J.

## OPINION

Sweetgum Properties, LLC (Sweetgum) appeals from the trial court's judgment quashing the writ of certiorari issued in the case and dismissing Sweetgum's writ petition. We affirm.

## BACKGROUND

Sweetgum is the owner of property located in St. Louis County (Property). The St. Louis County Assessor (Assessor) increased the appraised and assessed value of the Property in 2023, and Sweetgum filed an appeal with the St. Louis County Board of Equalization (BOE). After a hearing, the BOE upheld the Assessor's valuation of the Property. Sweetgum subsequently filed a petition for a writ of certiorari against the BOE and its members in the St. Louis County circuit court directing the BOE to file its record of the hearing with the court, to review the BOE's decision in light of the record, and to reverse the BOE's decision with instructions for the BOE

to adopt Sweetgum's proposed fair market value. The trial court initially issued a preliminary writ of certiorari. In response, the BOE filed a motion to quash the writ and dismiss the petition, which the trial court granted. This appeal follows.[1]

## DISCUSSION

In its sole point on appeal, Sweetgum argues the trial court erred in quashing the writ of certiorari and dismissing its petition because the court erroneously declared and applied the law.[2] According to Sweetgum, the plain language of Section 138.430 RSMo (Cum. Supp. 2021)[3] does not apply to the procedural claims it asserts are at issue in this matter because the statute only requires appeal to the Missouri State Tax Commission (STC) of issues related to assessment, valuation, methodology, and discrimination. We disagree.

### *Standard of Review*

In its brief Sweetgum states the appropriate standard of review is of the trial court's grant of a motion to dismiss, which is *de novo*, citing *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). The BOE accepts Sweetgum's statement of the standard of review and "further includes" the standard of review for quashed writs of certiorari. Neither party sets forth the correct standard of review.

While the denial of a writ application is not generally appealable, where the trial court has issued a preliminary writ which is then quashed, the order quashing the writ is an appealable final judgment. *State ex rel. Rosenberg v. Jarrett*, 233 S.W.3d 757, 761 (Mo. App. W.D. 2007) (internal citation omitted). In *Professional Fire Fighters of Eastern Missouri v. City of*

---

[1] Sweetgum initially filed its appeal in the Missouri Supreme Court, arguing it had exclusive jurisdiction over the construction of revenue laws of the state. The Supreme Court ordered the cause transferred to our court "where jurisdiction is vested."

[2] In addition to its point on appeal, Sweetgum argues in the jurisdictional statement that we may determine the matter should be transferred to the Supreme Court, even in light of its decision that jurisdiction is vested in our court. We decline to transfer the case.

[3] All further statutory references are to RSMo (Cum. Supp. 2021), unless otherwise indicated.

2

*University City*, 457 S.W.3d 23, 27-28 (Mo. App. E.D. 2014), this court found it is the manner in which the trial court disposes of the writ petition that determines the proper standard of review, just as if the case was brought as original litigation. In that case, the key question was whether the trial court resolved the underlying controversy on its merits. *Id.* Where the trial court considers and rules on the merits of the controversy, we will affirm the denial of a writ unless it is not supported by substantial evidence, it is against the weight of the evidence, or the court erroneously declares or applies the law. *Id.*

However, if the trial court has issued a preliminary order and subsequently quashes the writ, effectively denying a permanent writ, our review is for abuse of discretion. *U.S. Dept. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 (Mo. banc 2013). Thus, because we are reviewing the trial court's disposition of Sweetgum's underlying writ petition by quashing the preliminary writ without considering the merits of the underlying controversy, our review is only whether the trial court abused its discretion in quashing the preliminary writ. *State ex rel. Rosenberg*, 233 S.W.3d at 761. We presume the ruling of the trial court is correct, and we will find an abuse of discretion only where the decision is clearly against the logic of the circumstances and arbitrary and unreasonable. *Id.* "An abuse of discretion in denying a writ occurs when the circuit court misapplies the applicable statutes." *Boresi*, 396 S.W.3d at 359.

### Analysis

The central question in this case is whether Sweetgum's claim must be appealed to the STC under Section 138.430. Sweetgum contends it is merely challenging the BOE's failure to comply with the statutes requiring it to follow a certain procedure in evaluating the assessment, rather than raising any substantive issue regarding the BOE's decision, and therefore, its petition for writ of certiorari was appropriate. Specifically, Sweetgum claims the assessed valuation of

3

the Property increased more than fifteen percent from the previous assessment, which required the Assessor to prove a physical inspection was performed pursuant to Section 137.115. Section 138.060.1. Accordingly, Sweetgum asserts Section 138.060.1 required the BOE to rule in Sweetgum's favor on its appeal of the assessment as a matter of law because the Assessor failed to present sufficient evidence to establish the physical inspection was performed.

However, the administrative process set forth in chapters 137 and 138 is not "merely a procedural checklist to judicial review." *Bravo v. Jackson Co. Bd. of Equalization*, 638 S.W.3d 913, 921 (Mo. App. W.D. 2021). It is part of a "complex scheme of property taxation," general supervision of which is vested in the STC. *Bartlett v. Ross*, 891 S.W.2d 114, 116 (Mo. banc 1995); Section 138.410. This scheme initially requires a complaint about the property assessment be brought before a county board of equalization, which shall determine "all appeals from the valuation of property made by the assessor. . . ." Section 138.060.1. Pursuant to Section 138.430.1, property owners then have the right to appeal "all questions and disputes involving the assessment against such property. . ." determined by the local board of equalization to the STC. The STC then investigates the appeal and "shall correct any assessment or valuation which is shown to be unlawful, unfair, improper, arbitrary or capricious." Section 138.430.1. In light of the STC's particular expertise to enforce the laws relating to property taxation, the legislature set forth these parameters for a taxpayer's challenge to an assessment. *Bravo*, 638 S.W.3d at 921. In doing so, the legislature expressly limited direct appeal of local board of equalization decisions to only those "involving the exclusion or exemption of such property from assessment or from the tax rolls," or "the taxable situs of such property." Section 138.430.3.[4]

---

[4] Sweetgum does not argue either of these exceptions as the basis of its appeal of the BOE decision.

4

In its order quashing the preliminary writ of certiorari and dismissing Sweetgum's petition, the trial court found that the issue of whether the Assessor properly demonstrated the performance of an "appropriate physical property inspection" concerned a "question and dispute involving" the assessment of Sweetgum's property. As a result, the court concluded Sweetgum was required to exhaust the administrative remedy provided to it in Section 138.430.1. We agree.

The well-established doctrine of exhaustion of administrative remedies requires an aggrieved party to seek available remedies before the court can intervene. *State ex rel. Jackson Co. v. Chamberlain*, 679 S.W.3d 463, 465 (Mo. banc 2023). This doctrine must be of primary consideration when construing a statute providing for review of administrative action. *Id.* (internal quotation omitted). As discussed above, the legislature has expressly set forth the procedure to appeal an assessment. Only after exhausting the administrative remedies may a taxpayer then seek judicial review in the circuit court. Section 138.430; Section 536.100; *see also State ex rel. Jackson Co.*, 679 S.W.3d at 465.

Sweetgum claims its petition for writ of certiorari was proper pursuant to Section 536.150.1 because the statute states, in relevant part, that when an administrative officer or body has rendered a decision "*which is not subject to administrative review*, determining the legal rights, duties or privileges of any person . . . and there is no other provision for judicial inquiry into or review of such decision," it may be reviewed by suit for certiorari. (emphasis added). Sweetgum argues its challenge to the Assessor's failure to provide sufficient evidence of a physical inspection pursuant to Section 137.115 is such a claim because it is procedural in nature. Thus, it was not raising any issue subject to administrative review under Section 138.430.1.

Sweetgum relies on *State ex rel. Wilson Chevrolet, Inc. v. Wilson*, 332 S.W.2d 867 (Mo. 1960), to support its argument that taxpayers can bring a petition for writ of certiorari under Section 536.150 to review procedural issues. The *Wilson* Court held the trial court erred in quashing its preliminary writ of certiorari because the writ was appropriate to review the records of the local board of equalization to determine whether the board had given proper notice to the taxpayer as a jurisdictional prerequisite to its decision. *Id.* at 873. Upon the record before it, the Court was able to discern there was no proof of personal notice to the taxpayers as required by statute. *Id.* at 871-72. The Court noted this simple, jurisdictional fact must be affirmatively shown by the agency's record and because notice was not shown in the record, the Court declared the proceedings increasing the tax valuation were void. *Id.* at 872-73. But the Supreme Court plainly stated, "[i]t seems clear that Section 536.105[5] was not intended to be applicable in providing a review (by stated statutory actions, including certiorari) of a decision of a local board of equalization." *Id.* at 872.

It is undisputed Sweetgum had the right to appeal the issue of a Section 137.115 physical inspection to the STC as one of "**all** questions and disputes involving the assessment" against its Property. Section 138.430.1 (emphasis added). The STC is vested with the authority to investigate and correct any assessment that is "shown to be unlawful, unfair, improper, arbitrary or capricious." *Id.* Unlike the jurisdictional issue considered in *Wilson*, Sweetgum is arguing a contested factual issue regarding the sufficiency of proof of the physical inspection best left to the expertise of the STC. This is not such a jurisdictional issue.

Section 138.430.1 clearly encompasses Sweetgum's allegation that there was insufficient evidence of a physical inspection of the property to support the assessment. As a result, the

---

[5] At the time the case was decided the relevant language contained in Section 536.150 was then in Section 536.105.

BOE's decision was subject to administrative review, and Section 536.150 does not apply. As previously discussed, Sweetgum must exhaust all administrative remedies before seeking judicial review of the assessment, which required Sweetgum to appeal the BOE's decision to the STC. *See State ex rel. Jackson Co.*, 679 S.W.3d at 465. Thus, the trial court did not err in quashing the writ of certiorari and dismissing Sweetgum's petition. Point one is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

Lisa P. Page, Presiding Judge

Rebeca Navarro-McKelvey, J., and
Patricia Breckenridge, Sp. J., concur.

7